**William J. COLE, Plaintiff,**

*v.*

**BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., Defendant/Third Party Plaintiff,**

*v.*

**DANA–FARBER CANCER INSTITUTE, Third Party Defendant.**

**Civ. A. No. 90–1140–Mc.**

United States District Court, D. Massachusetts.

June 4, 1990.

---

Edward J. Dailey, Blue Cross and Blue Shield of Mass., Law Dept., Boston, Mass., for Blue Cross and Blue Shield of Mass., Inc.

Frank E. Reardon, Hassan & Reardon, Kenneth Trevett, Boston, Mass., for Dana–Farber Cancer Institute.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action came on to be heard on the plaintiff's request for preliminary injunctive relief. Plaintiff is a patient at the Dana–Farber Cancer Institute and the Beth Israel Hospital. He is thirty-two years of age, married, a father. He suffers from a refractory testicular cancer, and without further treatment than that which he has already received, he will die within a matter of months. His sole hope of survival is chemotherapy with autologous bone marrow transplant. He has rights and benefits under an employee welfare benefit plan administered by Blue Cross/Blue Shield, governed by ERISA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461. He asks that this Court order Blue Cross to cease denying coverage for cancer treatment which is now his only hope. That treatment is estimated to cost between $80,000 and $110,-000. At the hearing on this matter, no question was raised concerning jurisdiction and venue over the action which has been brought by the plaintiff as against the original defendant.

It appears that the plaintiff is a fork-lift operator at Veryfine Products, Inc. of Westford, Massachusetts. By reason of his employment, Mr. Cole obtained Master Health Plus medical insurance with the defendant. The issue is whether the defendant has a contractual and fiduciary obligation to provide coverage, or more properly, whether there is a reasonable likelihood that Mr. Cole will succeed in his claim of coverage for the particular treatment which he seeks. Blue Cross resists on the basis that "this is an investigational procedure", not a "generally accepted" one; hence defendant has refused payment of any expenses associated with the treatment.

It is noteworthy that the contract between Blue Cross and the provider does not use or refer to or define the words "investigational procedure". There appears to be no question that this treatment and this treatment alone will provide a possibility of "success" in the treatment of Mr. Cole. We apply the usual tests in determining whether or not injunctive relief should be granted. First, it appears to this judge that the plaintiff has a reasonable prospect of succeeding in his claim that the proposed treatment is generally accepted, and that it is the sole hope that this man has of survival. Doctors at the Dana–Farber Cancer Institute, which is recognized internationally as one of the foremost institutions for diagnosis and treatment of cancer, agree with the position of the plaintiff. Secondly, if Mr. Cole's cancer remains untreated, he will probably die within a few months. Thirdly, in a situation of this sort, the doctors have stated that the treatment sought to be given is the appropriate and only generally accepted treatment for the patient.

Defendant has called to the attention of the Court affidavits submitted by well-known physicians who have stated that ninety-one percent of the persons who receive this treatment will not survive more than a year; that the "cure rate" for the mode of treatment, therefore, is nine percent only. On the other hand, it has been

represented to the Court that the medical specialists treating the plaintiff are of the opinion that (1) this treatment is his only hope, (2) this treatment is generally accepted by American oncologists.

Since the Court is satisfied that the plaintiff reasonably may be expected to prevail in his claim that Blue Cross/Blue Shield has no right to deny coverage for this treatment, since the weight of the equities obviously favors plaintiff, since the situation is an emergency one, and since if this Court is incorrect and the treatment is rendered at the expense of Blue Cross/Blue Shield, the defendant will have an opportunity to attempt to recoup that money, the injunctive relief which has been requested is hereby granted. An appropriate order will enter.